Filed 5/30/13  P. v. Jackson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057658 |
| v. | (Super.Ct.No. RIF1208453) |
| GLEN EDWARD JACKSON, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Charles J. Koosed, Judge.
Affirmed with directions.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and
Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Glen Edward Jackson, Jr., was charged by amended
information with infliction of corporal injury on a spouse or cohabitant (Pen. Code,

1

§ 273.5, subd. (a), counts 1 & 2).[1]  It was also alleged that he had served one prior prison term (§ 667.5, subd. (b)), and he had one prior strike conviction (§§ 667, subds. (c) & (e)(1)(A), 1170.12, subd. (c)(1).)  Pursuant to a plea agreement, defendant pled guilty to count 2 and admitted the prison prior and prior strike conviction.  The court sentenced him to the agreed upon term of five years in state prison, consisting of the low term of two years on count 2, doubled pursuant to the strike conviction, plus one year for the prior prison term enhancement.  The court awarded 24 days of presentence custody credits.  The court also dismissed count 1 pursuant to the plea agreement.

Defendant moved the court to correct the number of presentence custody credits awarded, pursuant to the October 1, 2011 modification to section 4019.  The court changed the amount of custody credits awarded to 40 days (20 actual days and 20 conduct credits).

Defendant filed a timely notice of appeal.  We affirm.

PROCEDURAL BACKGROUND

Defendant was charged with and admitted that, on or about October 8, 2012, he committed the crime of infliction of corporal injury on a spouse or cohabitant, a felony. (§ 273.5, subd. (a).)

DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende* (1979)

---

[1]  All further statutory references will be to the Penal Code, unless otherwise noted.

2

25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and no potential arguable issues. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

However, we note a few apparent clerical errors. The abstract of judgment does not reflect that defendant had a prison prior enhancement (§ 667.5, subd. (b)), and it indicates that defendant was sentenced to a total of four years in state prison. The court actually sentenced defendant to two years on count 2, doubled pursuant to the prior strike, and added one year pursuant to the prison prior, for a total of five years. It is evident that the superior court clerk inadvertently erred in failing to indicate in the "enhancements" box on the abstract of judgment that defendant had one prison prior enhancement, and in recording that defendant was sentenced to only four years in prison. Generally, a clerical error is one inadvertently made. (*People v. Schultz* (1965) 238 Cal.App.2d 804, 808.) A court "has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts. [Citations.]" (*In re Candelario* (1970) 3 Cal.3d 702, 705.) We also note that the date at the bottom of the abstract of judgment was listed as "11-23-13." However, since the abstract of judgment was filed on January 23, 2013, we presume that the court clerk meant to list the date as "1-23-13." Accordingly, we will direct the clerk to correct the abstract of judgment.

3

## DISPOSITION

The superior court clerk is directed to correct the January 23, 2013 abstract of judgment by indicating that defendant had one prison prior enhancement under section 667.5, subdivision (b), and that the court imposed one year pursuant to this enhancement. The clerk should also correct the abstract of judgment to reflect the total time imposed as five years and the date as "1-23-13." The clerk is further directed to forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

J.

We concur:

RAMIREZ

P. J.

RICHLI

J.

4